**Louis MOORER, Petitioner,**

v.

**STATE OF SOUTH CAROLINA and Ellis C. MacDougall, Director, South Carolina State Board of Corrections, Respondents.**

**Civ. A. No. AC–1583.**

United States District Court
E. D. South Carolina,
Columbia Division.

Dec. 1, 1964.

See also D.C., 240 F.Supp. 531.

Matthew J. Perry, Columbia, S. C., F. Henderson Moore, and Benjamin L. Cook, Jr., of Charleston, S. C., for petitioner.

Daniel R. McLeod, Atty. Gen., for State of S. C. and Edward B. Latimer, Asst. Atty. Gen. for State of South Carolina, for respondents.

HEMPHILL, Chief Judge.

Before the Court are petitions, in forma pauperis, for a Stay of Execution and for a Writ of Habeas Corpus filed against the State of South Carolina and the Director of the South Carolina State Board of Corrections who presently have custody of petitioner at the South Carolina State Penitentiary where he is incarcerated pursuant to a judgment of the Court of General Sessions of Dorchester County, South Carolina, upon conviction of rape. Petitioner is awaiting the sentence of death by electrocution, alleges exhaustion of all remedies by appeal before the Courts of the State of South Carolina, seeks to invoke the Great Writ on the basis that his conviction violated the Constitution of the United States.[1]

Petitioner was tried for rape in the Court of General Sessions for Dorchester County, South Carolina, on April 4, 1962, found guilty, and sentenced to death by electrocution. The judgment of conviction, upon appeal to the Supreme Court of South Carolina was affirmed. State v. Moorer, 241 S.C. 487, 129 S.E.2d 330 (1963). Thereafter, a petition was filed in the Court of Common Pleas for Richland County, South Carolina for a writ

---

1. See 28 U.S.C. § 2241 and 28 U.S.C. §§ 2251–2255.

of habeas corpus, which petition was denied. The Supreme Court of South Carolina affirmed the Order denying the petition for the Great Writ. Moorer v. State, 244 S.C. 102, 135 S.E.2d 713 (1964). Subsequently, the Supreme Court of the United States was petitioned for a writ of certiorari, which petition was denied October 12, 1964. Moorer v. South Carolina, 379 U.S. 860, 85 S.Ct. 119, 13 L.Ed.2d 63.

Petitioner complained in his State Court Habeas Corpus proceedings and complains here that the indictment returned against him in Dorchester County, South Carolina, was returned by a grand jury from which members of the Negro race of which petitioner is a member, were and are systematically excluded or limited in number in violation of petitioner's right to due process of law under the Fourteenth Amendment to the Constitution of the United States.

Petitioner complained in his State Court Habeas Corpus hearing and contends here that the petit jury which convicted him was drawn and convened in such a manner as to exclude members of the Negro race, of which race petitioner is a member, or to systematically limit in number their service upon the petit juries of Dorchester County in violation of petitioner's right to due process of law under the Fourteenth Amendment to the Constitution of the United States which provides in pertinent part that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Petitioner was convicted and sentenced to death for having allegedly violated Section 16–71, S.C.Code, 1962,[2] complains now that the statute is so vague on its face that its application to petitioner and trial of him thereon offends the due process clause of the Fourteenth Amendment.

Petitioner's sentence of death was imposed pursuant to Section 16–72, S.C. Code, 1962;[3] petitioner alleges that this statute is upon its face and as applied to him, under the circumstances here, in violation of the Constitution of the United States, in that said statute requires imposition of a cruel, inhuman and unusual punishment in violation of the Eight and Fourteenth Amendments; and that said statute denies petitioner the equal protection of the laws guaranteed by the Fourteenth Amendment.

■ The real issue here is whether or not petitioner received a fair trial in accordance with the due process clause of the Fourteenth Amendment. Petitioner's guilt or innocence is immaterial to this Court's inquiry. See Sheppard v. Maxwell, 231 F.Supp. 37, 43 (S.D. Ohio 1964).

■ This Court has the power to consider every constitutional claim presented by petitioners even if these claims were passed upon in the State proceedings. Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837.

■ As noted before, petitioner is in the South Carolina State Penitentiary awaiting the infliction of the death sentence by electrocution. At this time this Court cannot pass on the merits of the petitions for relief; suffice it to say that the allegations in the petition do not appear to be frivolous, and, if there be merit, deserve judicial determination.

It appears that execution of the sentence of death should be stayed pending determination by this Court concerning the merits of the Petition for the Writ of Habeas Corpus. Now therefore,

2. "§ 16–71. Rape.—Whosoever shall ravish a woman, married, maid or other, when she did not consent, either before or after, or ravisheth a woman with force, although she consent after, shall be deemed guilty of rape."

3. "§ 16–72. Punishment for rape or assault with intent to ravish.—Any person convicted of rape or assault with intent to ravish shall suffer death unless the jury shall recommend him to the mercy of the court in which event he shall be confined at hard labor in the State Penitentiary for a term not exceeding forty years nor less than five years, at the discretion of the presiding judge."

It is ordered that Respondents, their agents, servants. employees and all persons acting in concert with them be and they are hereby restrained from executing petitioner's sentence of death herein pending the entry of a further Order by this Court.

It is further ordered that the said Respondents show cause before me on the 14th day of December, 1964, at 5:00 o'clock P. M., in the Court Room of the United States District Court in Greenwood, South Carolina, why the above Order should not continue in effect pending exhaustion by the petitioner of the remedy afforded him by the filing of his petitions.

Let a copy of this Order, together with the Petition for Stay of Execution be forthwith served upon Ellis. C. MacDougall, Director, South Carolina State Board of Corrections, and the Attorney General of South Carolina by the United States Marshal.

It is further ordered that leave to file the petitions without the prepayment of costs or fees or the giving of security therefor is granted.

And it is so ordered.