### 23308. MOBLEY v. THE STATE.

DUCKWORTH, Chief Justice. This is a murder case in which the accused was convicted without a recommendation of mercy. By bill of exceptions the case was appealed and filed within 30 days after the final ruling on the amended motion for new trial, the bill containing a complete enumeration of the errors complained of during and after the trial. *Held:*

1. Having met every requirement of law under the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 36; 1965, pp. 240, 243), this case is properly before this court regardless of form and verbiage, this State not requiring any matter of form but any form substantially complying with the above law being sufficient. *Code Ann.* §§ 6-802, 6-803, 6-1201, 6-1203 (Ga. L. 1965, supra).

2. Since an approval of the assignments of error in a motion for new trial is no longer necessary, the first special ground will be considered since the new practice Act, supra, supersedes the law as set forth in *Dalton v. State,* 215 Ga. 857 (2) (113 SE2d 771), and citations therein. *Code Ann.* § 70-301 (Ga. L. 1965, supra).

3. There is no evidence here that the confession was not freely and voluntarily made, nor was it induced by threatening acts or language used expressly extending hope of benefit or fear of injury. The accused made the statements attributed to him after his arrest, having representation by counsel, and probable cause having been found at a preliminary hearing to hold him for trial. The law does not prevent a person from making a statement freely and voluntarily, or confessing his guilt to anyone at any time, and such admissions may be used against him. Nevertheless, under Georgia law such admissions are to be scanned with care, a conviction can not rest on a confession alone as it must be corroborated by other evidence, and it must have been freely and voluntarily made,

not induced by another by the slightest fear of punishment or the remotest hope of reward. Further, after conviction, the trial judge, if he is not satisfied with the verdict, may set it aside if he alone is not satisfied. The court here, after hearing the testimony out of the hearing of the jury, suggested that it be left out, but later allowed the confession in evidence, and since the conviction he has again approved it. There is no evidence that the statement was not voluntarily made and the court did not err in allowing the jury to consider it. See *Sims v. State,* 221 Ga. 190 (144 SE2d 103); *Whisman v. State,* 221 Ga. 460 (145 SE2d 499), and cases cited in headnote 2, p. 462.

4. The trial judge has a wide discretion in the handling of a trial, and we find no error in allowing the State to re-open its case after it has rested to produce further evidence. We find no manifest abuse of discretion in allowing the further evidence. *John v. State,* 16 Ga. 200 (5); *Williams v. State,* 60 Ga. 368 (3); *Britten v. State,* 221 Ga. 97, 101 (143 SE2d 176).

5. Having carefully read the transcript of evidence, we find it was sufficient to support the verdict of guilty, and the general grounds are not meritorious.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1966—DECIDED JANUARY 18, 1966.

*John D. Watkins,* for appellant.

*George Hains,* Solicitor General, *Arthur K. Bolton,* Attorney General, *Rubye G. Jackson,* Assistant Attorney General, for appellee.