**Charlie MOBLEY, Jr., Appellant,**

v.

**A. L. DUTTON, Warden, Georgia State Prison, Appellee.**

**No. 24232.**

United States Court of Appeals
Fifth Circuit.

June 21, 1967.

J. Walter Cowart, Savannah, Ga., for appellant.

Mathew Robins, Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., G. Ernest Tidwell, Executive Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before COLEMAN and AINSWORTH, Circuit Judges, and CARSWELL, District Judge.

AINSWORTH, Circuit Judge:

Charlie Mobley, Jr. was tried, convicted and sentenced to death for murder by a Georgia state court. His conviction was affirmed by the Supreme Court of Georgia, Mobley v. State, 221 Ga. 716, 146 S.E.2d 735 (1966).

Shortly before the date of his execution he filed the present petition for habeas corpus pro se in the United States District Court, Southern District of Georgia. The district judge stayed the execution, appointed counsel for Mobley and held a hearing after which he denied the writ. Mobley, through his court-appointed counsel, has appealed.

Mobley has not heretofore filed a petition for habeas corpus in the Georgia state courts and admittedly has failed to exhaust state remedies available to him under Georgia law. Most of the issues raised in the present habeas corpus petition were not presented to or considered by the Georgia Supreme Court. The opinion of that Court in Mobley v. State, supra, discloses that the Court considered only the issue of

the voluntariness of the defendant's confession which had been admitted in evidence, and the claimed error that the trial judge permitted the state to reopen its case to produce further evidence after it had rested. The Georgia Supreme Court found no merit in either of these points.

The issue of voluntariness is again raised and petitioner states that on the basis of the evidence, some of which was adduced at the present habeas corpus hearing, his confession was not voluntary. The additional charge is now made by petitioner that he was required to take a lie detector test prior to his preliminary hearing and before the appointment of counsel in the state court proceedings; that he was interrogated extensively before counsel was furnished, and that these facts were concealed "to guarantee conviction and to obscure any violation" of the defendant's basic rights. Petitioner claims that "the whole truth was carefully concealed" relative to the voluntariness of his confession which was received in evidence in his trial.[1] Another issue presented relates to the absence of counsel when the incriminating statements were made by petitioner then in custody of the Sheriff and one of his deputies while appellant was being transported to an adjacent county jail for safekeeping following his preliminary hearing at which probable cause had been found to hold him for trial. The Sheriff testified that appellant's incriminating statement admitting the murder came while he was engaged in a "rather casual" conversation with Mobley.[2] Appellant cites numerous cases in support of his argument that he was entitled to have his counsel present at the time the Sheriff queried him; that counsel must be provided at every important stage of a criminal proceeding, and relies principally on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1962). Other contentions were alleged in the pro se petition itself relative to striking of jurors for cause who stated they were opposed to capital punishment and to the systematic exclusion of Negroes from the grand and petit juries which considered defendant's case.

Under the circumstances, we hold as we did in Clarke v. Grimes (5 Cir., 374 F.2d 550, decided March 24, 1967), that the Georgia state courts should first have an opportunity to rule on these questions, for a federal court should not upset a state court conviction

---

1. The Georgia Supreme Court affirmed the lower court's ruling admitting the confession in evidence in these words (221 Ga. 716 at 717, 146 S.E.2d 735 at 737) : "The court here, after hearing the testimony out of the hearing of the jury, suggested that it be left out, but later allowed the confession in evidence, and since the conviction he has again approved it. There is no evidence that the statement was not voluntarily made and the court did not err in allowing the jury to consider it."

2. The Sheriff's testimony was received in the form of an affidavit by him, which reads in part as follows (R. 46) : "When riding back to Augusta, I did the driving, and Deputy Blackston sat in the front seat. Mobley was sitting in the rear seat by himself. While we were going to Augusta, we engaged in a rather casual conversation about Mr. Hayman, discussing the fact that he was a merchant in Girard and that he had always accomodated people in general. I recall stating to Mobley that I bet you owe him some money now for groceries, and Mobley replied that he did. I was not conducting a regular police interrogation of Mobley, as I considered that our investigation had already been completed, but we were simply passing the time of day. During the course of the conversation, I asked Charle what time the shooting occurred. I did not ask him whether or not he had shot Mr. Hayman. Charlie replied as best he could recall, he shot him (Mr. Hayman) between 3:30 and 4:00 o'clock, and he went on to say, 'But I didn't put my hands on his pocketbook until I kew he was dead.' This statement rather surprised me, because I had not asked him whether or not he did the shooting and did not expect such an answer."

without according the state court an opportunity to rule on claimed constitutional violations, there being no circumstances here which warrant consideration of this case by us without prior resort to and exhaustion of state remedies.

We are also cognizant of the new amendment to the Georgia Code (Ga. Laws 1967, Act 562 amending Ga.Code § 50–101) by which comprehensive post-conviction remedies are made available in the Georgia state courts to persons convicted of crime. The Georgia law referred to becomes effective on July 1, 1967.

Accordingly, we affirm the ruling of the district court in denying habeas corpus to petitioner but for the reasons we have stated, namely, failure to exhaust state remedies, and not for the reasons expressed by the district judge since we are not now ruling on the merits of petitioner's numerous contentions. Stay of execution will be maintained, and we will retain jurisdiction for the purpose of continuing that stay, provided appellant within sixty days hereof files and diligently prosecutes to a prompt conclusion his post-conviction remedies in the Georgia state courts.

Affirmed.