24528. MOBLEY v. SMITH, Warden.

FRANKUM, Justice. The question for decision here is whether the Judge of Tattnall Superior Court erred in remanding the appellant to the custody of the respondent and in refusing to discharge him upon the hearing held pursuant to the prior issuance of the writ of habeas corpus. The appellant contended in his habeas corpus petition that his conviction of the offense of murder was illegal and void because it resulted, in part at least, from the admission in evidence of a confession or admission which was not voluntary in that it was made by the defendant at a time when he was not represented by counsel and had not been advised of his right to such representation in accordance with the rulings of the Supreme

Court of the United States in such cases as Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR2d 733) ; White v. Maryland, 373 U. S. 59 (83 SC 1050, 10 LE2d 193) ; Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LE2d 977) ; and Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). The question of whether the confession was involuntary in that it was extracted by means of physical violence or coercion of the defendant while in the custody of police officers was adjudicated by the trial court on the trial of the applicant wherein he was convicted of the offense of murder which conviction was affirmed by this court. See *Mobley v. State*, 221 Ga. 716 (3) (146 SE2d 735). However, the issue here presented, to wit: whether the appellant was denied the right of counsel at a time when the advice of counsel would have been most beneficial to him so as to render the statement made by him and admitted over his objection involuntary was not raised in the motion for a new trial before the trial court or considered by this court on the original appeal. Therefore, under the principles laid down in Section I of the Habeas Corpus Act of 1967, the trial court properly, as appears from the wording of the written order remanding the appellant, passed upon the merits of the appellant's contentions.

Reviewing that judgment, it appears from the undisputed evidence that the confession which was introduced in evidence on the trial of the case was made by the accused while he was in the automobile of the Sheriff of Burke County and being transported to the jail of an adjoining county and while in the actual custody of the sheriff and one of his deputies immediately following the commitment hearing wherein he was represented by a court-appointed attorney. It further appears without dispute that the accused had conferred with his attorney at length just prior to the commitment hearing and had been advised to make no further statements to the investigating officers, and that he volunteered the statement admitted by the trial court in evidence contrary to the advice he had been given by his attorney. There is no merit in his contentions, and the trial court did not err in remanding the appellant to custody.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 12, 1968—DECIDED APRIL 22, 1968.

*J. Walter Cowart*, for appellant.

*Arthur K. Bolton, Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.