24793. MASSEY v. SMITH, Warden.

UNDERCOFLER, Justice. This is a petition for a writ of habeas corpus alleging an unconstitutional conviction and sentence of death for rape. This is the third appearance of this case in this court. See *Massey v. State*, 220 Ga. 883 (142 SE2d 832); s. c. 222 Ga. 143 (149 SE2d 118), cert. den. 385 U. S. 36 (87 SC 241, 17 LE2d 36). After a hearing the trial court remanded the applicant to the custody of the respondent and the appeal is from that judgment. *Held:*

1. Enumeration of error number 1 complains that the applicant's conviction and sentence are illegal under the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution because the grand jury which indicted him and the traverse jury which convicted him were illegally composed for the reason that Negroes, women, and persons of limited economic means were systematically excluded, that the manner of selecting such juries from racially segregated tax rolls was inherently discriminatory, and that the selection of such juries from the tax rolls resulted in persons of limited economic means being grossly underrepresented thereon.

The applicant in this case is a white man who was convicted on July 21, 1965, of raping a Negro woman for which he was indicted originally in October, 1964, and re-indicted in July, 1965.

This enumeration of error is without merit. The principles enunciated in Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599) do not have retroactive application in cases such as here and, therefore, the question of the alleged unconstitutionality of the jury selection and composition based on race cannot be considered on this basis. *Strauss v. Grimes*, 223 Ga. 834 (158 SE2d 404), cert. den. 391 U. S. 903 (88 SC 1651, 20 LE2d 417).

Furthermore, "the defendant was a male white citizen. He does not show how he was harmed or prejudiced by the systematic exclusion of women and Negroes from traverse juries, or how this exclusion violated any right of his. It is a well-known axiom of the law that this court will not consider a constitutional attack upon an Act where the party attacking the same 'does not allege any injury accruing to him by the enforcement of the Act,' and 'A court will not listen to an

objection made to the constitutionality of an Act by a party whose rights it does not affect, and who has, therefore, no interest in defeating it,' and 'a party must be prejudiced by the enforcement of a statute, or the courts will not listen to an objection by him to its constitutionality.' *Reid v. Eatonton,* 80 Ga. 755, 757 (6 SE 602); *Plumb v. Christie,* 103 Ga. 686 (30 SE 759, 42 LRA 181)." *Griffin v. State,* 183 Ga. 775, 777 (1) (190 SE 2).

Nor is the requirement that jurors be selected from a tax digest unconstitutional. Brown v. Allen, 344 U. S. 443 (7) (73 SC 397, 97 LE 469). Accordingly it follows that applicant cannot complain that persons of limited economic means were underrepresented on the juries because they were not on the tax rolls. Roach v. Mauldin, 277 FSupp. 54, s. c. 391 F2d 907.

2. In view of our holding in Division 1, applicant's enumeration of error number 2 alleging that the court erred in finding that it could not determine the number of white and Negro persons on the jury panels and enumeration of error number 5 refusing to admit certain depositions attempting to show an illegally composed jury are not questions which this defendant can raise.

3. Enumeration of error number 3 complains that applicant's conviction and sentence are unconstitutional under the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution in that he was tried and convicted and received a death sentence by virtue of the failure of the traverse jury to recommend mercy. The traverse jury which convicted and sentenced the applicant had been purged under *Code* § 59-806 (4) of members who were conscientiously opposed to capital punishment. Under the ruling in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), the sentence of death in the instant case is illegal. The verdict and judgment for rape are legal.

The law of Georgia provides that the crime of rape shall be punished by death, unless the jury recommends mercy, in which event the punishment shall be life imprisonment, provided however, the jury may fix the punishment of imprisonment for not less than one year nor more than 20 years. Ga. L. 1960, p. 266 (*Code Ann.* § 26-1302); Ga. L. 1963, pp. 122, 123 (*Code Ann.* § 27-2302). This law makes no provision for punishment other than death where the jury finds the defendant guilty of rape, unless the jury recommends mercy.

Without a recommendation of mercy, the court has no authority to enter a sentence other than death.

"Under the ruling in the Witherspoon case, supra, the sentence of death in the instant case is illegal. Yet, under the provisions of *Code* § 6-1610, this court has the power 'to award such order and direction to the cause in the court below as may be consistent with the law and justice of the case.' Accordingly, the verdict and judgment of conviction for rape are affirmed. The sentence imposed on the verdict is reversed with direction that the trial court impanel a jury selected as in a capital case for the submission to it of the sole question: Should the defendant be recommended to mercy and sentenced according to *Code Ann.* § 26-1302 (Ga. L. 1960, p. 266)? In the selection of the jury for such trial, no member of the jury panel shall be excused for cause solely because of his being opposed to capital punishment. However, the State will have the right to challenge for cause any prospective juror who states that his reservations about capital punishment would prevent him from making an impartial decision as to a defendant's guilt of rape. Furthermore, the State is not prevented from asserting the right to exclude from the jury any juror who states that he could never vote to impose the death penalty or that he would refuse even to consider its imposition in the case before him." *Miller v. State*, 224 Ga. 627, 636 (163 SE2d 730).

4. Enumeration of error number 4 complains that the applicant's conviction and sentence are illegal under the Fourteenth Amendment and the Eighth Amendment of the United States Constitution because he received a sentence of death for a crime in which life was not taken or threatened.

Enumeration of error number 8 under the same provisions of the United States Constitution complains that the punishment is cruel in that the sentence of a white man to death for rape is arbitrary and erratic when only 3 of 66 persons sentenced to death for this crime since 1924 have been white.

Enumeration of error number 7 further complains that the Georgia statute prescribing the punishment for rape (*Code Ann.* § 26-1302) is unconstitutional under the Fourteenth and Sixth Amendments of the United States Constitution because it prescribes no criteria or standards for fixing the same.

The contentions raised in enumerations of error numbers 4 and 7 have been fully considered by this court previously in other

cases and decided adversely to the contentions of the applicant. See *Massey v. State,* 220 Ga. 883 (2) (142 SE2d 832); s. c. 222 Ga. 143 (149 SE2d 118), cert. den. 385 U. S. 36 (87 SC 241, 17 LE2d 36); *Manor v. State,* 223 Ga. 594 (18) (157 SE2d 431); *Mobley v. Smith,* 224 Ga. 297, 298 (161 SE2d 834).

Enumeration of error number 8 is without merit. The fact that the death sentence for rape has been imposed upon fewer white men than Negroes in past years does not show a denial of due process or equal protection of the laws under the United States Constitution.

5. Enumeration of error number 6 complains that the applicant's conviction and sentence are unconstitutional under the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution in that he would have only been found fit to stand trial or be convicted under *Code Ann.* § 26-301 (persons who are considered of sound mind) which section is unconstitutionally vague and uncertain.

Enumeration of error number 9 complains that the applicant's conviction and sentence are unconstitutional under the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution in that he was tried on the issue of rape when his unsworn statement raised clear inferences of lack of capacity and sanity, instead of first being tried on the issue of his sanity alone.

Enumeration of error number 10 complains that his conviction and sentence are unconstitutional under the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution in that the trial judge failed, despite his unsworn statement having raised clear inferences of lack of capacity and sanity, to charge the jury on the general issue of sanity.

Enumerations of error numbers 9 and 10 were decided adversely to the contentions of the applicant in *Massey v. State,* 222 Ga. 143 (3) (149 SE2d 118), and cannot be raised by the applicant in this habeas corpus proceeding. *Mobley v. Smith,* 224 Ga. 297, 298 (161 SE2d 834).

In view of this ruling, the applicant has no standing to question the constitutionality of *Code Ann.* § 26-301 and enumeration of error number 6 is without merit.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*

ARGUED SEPTEMBER 10, 1968—DECIDED OCTOBER 10, 1968—
REHEARING DENIED NOVEMBER 7, 1968.

*Howard Moore, Jr., Peter E. Rindskopf,* for appellant.

*Arthur K. Bolton, Attorney General, B. D. Dubberly, Jr., Deputy Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, John W. Hinchey,* for appellee.