Charlie **MOBLEY**, Jr., Petitioner-
Appellant,

v.

Lamont **SMITH**, Warden, Georgia State
Prison, Reidsville, Ga., Respondent-
Appellee.

No. 31146

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 15, 1971.

Charlie Mobley, Jr., pro se.

J. Walter Cowart, Savannah, Ga., for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Dorothy T. Beasley, Asst. Atty. Gen., Atlanta, Ga., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Courtney Wilder Stanton, Asst. Atty. Gen., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This habeas corpus petition of a Georgia state prisoner has been in and out of state and federal courts for nearly six years. It will take a judicial scythe to cut away the procedural tendrils that en-

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

velop it, but we must avail ourselves of one to understand fully what must be done.

The prisoner was convicted of murder in 1965 and was sentenced to death. The Supreme Court of Georgia affirmed his conviction on the grounds that there was no error in admitting the prisoner's inculpatory confession or in the trial court's allowing the State to reopen its case after it had rested. 221 Ga. 716, 146 S.E.2d 735. A writ of habeas corpus urging the involuntariness of the confession as the sole basis was then filed in state court. The writ was denied on the ground that the Supreme Court of Georgia had already determined this issue adversely to the petitioner. He took no appeal from this ruling.

Then the prisoner sought habeas relief in federal court. His contentions far exceeded those ever made before and included: (i) There was an illegal search and seizure. (ii) The confession admitted into evidence was coerced. (iii) Persons opposed to capital punishment were struck from the jury. (iv) Negroes were systematically excluded from grand and petit juries. (v) He received ineffective assistance of counsel. (vi) There was self-incrimination because his attorney did not advise him what statements he should make. (vii) There was a scheme by police officers to connect the prisoner with the gun and the shotgun shells. And (viii) the prisoner was denied his right to cross-examine witnesses at the trial. The District Court after an evidentiary hearing found no merit to any of these conten-

tions and denied relief. On appeal to this Court we agreed that denial of relief to petitioner was proper but on the ground that he had failed to exhaust his state remedies. Mobley v. Dutton, 5 Cir., 1967, 380 F.2d 14.[1]

Then the petitioner returned to state court to begin the process anew. This time his allegations included those eight previously made in federal court plus some new ones: (ix) He was not advised of his right to counsel before the preliminary hearing and (x) he was denied right to counsel before the preliminary hearing.[2]

The state court ruled that the confession was valid and that there was no error in allowing the State to open its case after resting. For some reason the other points in the petition were not pressed, and the state court's only possible reference to them was that "I find that none of the Constitutional rights of the petitioner were denied him in the trial of this case."[3] On appeal to the Georgia Supreme Court only the confession and the case reopening issues were specifically raised. All the other points were not briefed. Instead counsel merely noted that the "other grounds of appellant's habeas corpus are specifically not abandoned, although not fully set forth and argued here but are re-asserted for consideration on this appeal." The Supreme Court of Georgia ruled on only the two issues that were specifically mentioned—the confession and the reopening. 224 Ga. 297, 161 S.E.2d 834.

■ Finally the case came back to the federal court. That court found that though most of the prisoner's conten-

1. There we stated that "Mobley has not heretofore filed a petition for habeas corpus in the Georgia State Courts and admittedly has failed to exhaust state remedies available to him under Georgia law." Apparently the Court and the parties in 1967 overlooked the state habeas proceedings of 1966. It is for that reason that the Court did not rule on the confession issue (No. ii) and that we are still faced with it here today.

2. Though it is unclear from the record, we assume that petitioner in this pro-

ceeding also raised the point that it was error to permit the State to reopen its case after it had rested. Or at least the state court ruled on the issue since it had been raised before on the original direct appeal of the conviction to the Georgia Supreme Court.

3. This explains the observation of the federal District Court that "the [state habeas] petition raised only two issues, the admissibility of the confession and the reopening of the State's case at the original trial."

tions had often been stated, they never really had been meaningfully presented to state courts. These included all issues other than the ones dealing with the confession and the reopening.[4] We agree, although there has been a "paper" presentation of these issues to the state courts which might technically satisfy the exhaustion requirement. Our role and the responsibility of Georgia is more fundamental than that. The function of the Georgia post-conviction remedy is to allow full factual development of the issues in the state court so that state appellate review may likewise be meaningful both on its merits and for determination by the federal court of the constitutional correctness of such decisions. No Georgia court has yet passed on the underlying merits of the allegations and as we said before in 1967, the initial determination must be for Georgia and not for the federal courts. See e. g., Peters v. Rutledge, 5 Cir., 1968, 397 F.2d 731; Fitzgerald v. Wainwright, 5 Cir., 1971, 440 F.2d 1049.

 This leaves the only two points that have ever been passed on by the state courts. First is the confession issue. The District Court properly went to the merits. It found that the confession met all the constitutional criteria for voluntariness. We have carefully examined the record and have concluded that this finding readily clears the clearly erroneous hurdle of F.R.Civ.P. 52(a).

Second is the reopening issue. It is clear that state remedies have been exhausted on this point. In the second habeas proceeding in federal court (the one before us here for review) the parties stipulated that the evidence the court should consider was that submitted at the first federal habeas hearing in 1966. Although that record reveals that counsel and the court did not explore the reopening issue, the burden was on the petitioner to establish his case and he simply failed to do so. The

Judge was fully justified in denying relief on this ground.

The upshot is that the denial of relief on the confession and reopening grounds was correct on the merits and it was proper to deny relief on grounds (i) and (iii) to (x) that were not adequately adjudicated in the state courts. If petitioner desires to bring some or all of these items back into the federal court after adverse state proceedings, the record should show that such issues were the subject of a meaningful evidentiary and legal hearing. The state has a direct burden here since the Federal Habeas Act hopefully looks to state proceedings to supply a factually adequate record. 28 U.S.C.A. § 2254(e).

Affirmed.

---

4. Specifically the District Court found inadequate state exhaustion as to claims (i) and (iii) to (viii). We add that (ix) to (x) should be included.