**UNITED STATES ex rel. Dewayne MASSEY, Plaintiff-Appellant,**

v.

**T. E. KENNEDY, Sheriff, Turner County, Georgia, Defendant-Appellee.**

**No. 30879**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 13, 1971.

---

* [1] Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for plaintiff-appellant.

W. J. Forehand, Dist. Atty., Tifton, Ga., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

The petitioner, a Georgia prisoner who was convicted of rape in 1965, appeals from the denial without a hearing by the district court of his petition for writ of habeas corpus. The district court held that because the petitioner had to be retried on the penalty phase of his offense, the petition was premature. We affirm.

Following the petitioner's conviction, upon which he was sentenced to death, he unsuccessfully prosecuted an appeal. Massey v. State, 222 Ga. 143, 149 S.E.2d 118 (1966). The petitioner was successful in overturning his death sentence by petition for writ of habeas corpus to the Georgia Supreme Court, but that court refused to disturb the conviction. Massey v. Smith, 224 Ga. 721, 164 S.E.2d 786 (1968).

Prior to the retrial to determine petitioner's sentence, the petitioner filed a petition for writ of habeas corpus in the district court. It appears that the petitioner has exhausted his state remedies as to the grounds he asserts in attacking his conviction. However, at the time of the district court's dismissal, and at the time the briefs were filed on appeal, the penalty trial had not been held.

The response of the State of Georgia alleges that petitioner's penalty trial was set for July 20, 1970, but that on that day petitioner moved for a continuance because of the habeas corpus petition pending in the federal court. It was further alleged that when the motion for continuance was denied, the petitioner moved for a change of venue, and upon its denial, the petitioner appealed the denial of change of venue which stayed further proceedings.

■ Under the circumstances of this case, we believe that principles of sound judicial administration, coupled with comity and federalism, dictate that the petitioner complete the state proceedings prior to seeking federal habeas corpus relief. Powers v. Hauck, 399 F.2d 322 (5th Cir. 1968).

Georgia should be permitted to complete its proceedings so that any contentions which might arise in that trial may be disposed of in one petition.

We attach significance to the fact that it was petitioner's actions which have prevented the completion of the Georgia proceedings. Further, we have considered the fact that none of the issues raised by petitioner, even if proven, would require his immediate release or otherwise preclude retrial by the State of Georgia. Under the circumstances present here, we agree that the habeas corpus petition was premature.

Affirmed.