Eddie Lee **MILLER**, Petitioner,

v.

A. L. **LOCKHART**, Director, Arkansas Department of Corrections, Respondent.

No. PB–C–81–152.

United States District Court, E. D. Arkansas, Pine Bluff Division.

May 11, 1981.

**4**

Ray Hartenstein, Little Rock, Ark., for petitioner.

Steve Clark, Atty. Gen. of Arkansas by Randy McNair, Asst. Atty. Gen., Little Rock, Ark., for respondent.

## MEMORANDUM OPINION AND ORDER STAYING EXECUTION

HOWARD, District Judge.

On May 4, 1981, petitioner filed an application for a stay of his execution presently scheduled for May 20, 1981. He was convicted by a jury of capital felony murder in the Crittenden County Circuit Court and, by judgment entered on March 20, 1979, sentenced to death by electrocution. The Arkansas Supreme Court affirmed in *Miller v. State*, 270 Ark. 341, 601 S.W.2d 845 (1980), with three of the seven justices dissenting. A petition for writ of certiorari was denied by the United States Supreme Court on March 30, 1981, with two justices dissenting. On April 20, 1981, petitioner's execution date was set for May 20, 1981. A stay of execution from the Arkansas Supreme Court was sought on April 24, 1981, so that petitioner could seek postconviction relief from that Court under its Criminal

Procedure Rule 37. The application was denied by the Arkansas Supreme Court without an opinion on May 4, 1981, with one justice willing to grant the stay. Petitioner filed the present application for a stay with this Court along with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. A hearing was held on May 8, 1981, on the application for a stay.

Petitioner readily concedes that he has not exhausted his state remedies before filing the petition for a writ of habeas corpus. He argues that he still wishes to pursue his state post-conviction remedies, but is unable to adequately and meaningfully do so within the time remaining before the execution date. His attorney, who was employed as Chief Deputy Appellate Public Defender until the funding for the program terminated on April 30, 1981, contends that he has not been able to prepare sufficient pleadings for the state courts within the limited time since the announcement of the execution date. Petitioner asks that this Court hold his petition for a writ of habeas corpus in abeyance until he has had an opportunity to exhaust his state remedies. Respondent contended that petitioner still had twelve days in which to present his postconviction allegations together with a renewed application for a stay of execution to the state court, and his application for relief from this Court is, thus, premature. Respondent was also concerned that intervention by this Court at this time would set a precedent for future petitioners to bypass the correct state procedure of filing a Rule 37 petition in the Arkansas Supreme Court at the same time a stay was sought.

 Petitioner asserts seventeen separate grounds in his petition for habeas corpus that his conviction and sentence violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. He proposes to raise substantially the same issues in the state courts. Petitioner's counsel states, and this Court is persuaded, that fourteen of those grounds have not been presented for review to the Arkansas Supreme Court and he contemplates raising an additional two when he

files his Rule 37 petition. Issues that have not previously been reviewed include the denial of effective assistance of counsel; the denial of a rational and meaningful review of the sentencing process by the Arkansas Supreme Court's adoption of its present review standard; and the denial of a jury composed of a representative cross section of the community by the exclusion of veniremen with conscientious objections to the death penalty. Since petitioner has not exhausted his state remedies on these claims, this Court should not, and will not, resolve the petition for habeas corpus on its merits at this time.[1] However, the Court cannot conclusively state that these grounds are frivolous, without merit, and being raised solely for the purpose of delay. Thus, petitioner must be given the opportunity to present his allegations in a timely manner to the state courts. Indeed, the state courts should be afforded the opportunity to rule on claimed constitutional violations before a federal court undertakes a review of those claims, especially when there are no compelling circumstances to warrant intervention.

The district court is given the authority to grant a stay of execution by 28 U.S.C. § 2251. Because of the unique circumstances involved in considering whether to grant a stay of the imminent execution of a death sentence, this Court has weighed whether "the legal issues have been sufficiently litigated and relitigated and that the law must be allowed to run its course" and whether the petitioner has been afforded "all the protections which . . . surround him under our system prior to conviction and during trial and appellate review." *Evans v. Bennett*, 440 U.S. 1301 at 1303, 99 S.Ct. 1481 at 1482, 59 L.Ed.2d 756 (1979). *Also See: Shaw v. Martin*, 613 F.2d 487 (4th Cir. 1980). Since the Court has found that petitioner has not yet exhausted his constitutional challenges under the remedies provided by the state, this Court will follow the precedent of other courts when faced with the situation by staying the execution.

See: *Shaw v. Martin*, supra; *Mobley v. Dutton*, 380 F.2d 14 (5th Cir. 1967); *Modesto v. Nelson*, 296 F.Supp. 1375 (N.D.Cal. 1969); *Brown v. Brough*, 248 F.Supp. 342 (D.Md.1965); *Moorer v. South Carolina*, 240 F.Supp. 529 (D.S.C.1964).

Accordingly, it is hereby ordered that the application for a stay of petitioner's execution scheduled for May 20, 1981, is granted until further order of this Court so that he can present the appropriate petition to the state courts. However, the Court will be willing to entertain a motion by the state to dissolve this stay if, after ninety days from the date of this order, petitioner has not filed a petition for postconviction relief with the Arkansas Supreme Court.

IT IS SO ORDERED.

---

1. The Court, however, has read the transcript of petitioner's trial. The transcript consists of four volumes, containing 983 pages.