24391. STRAUSS v. GRIMES, Sheriff.

ARGUED NOVEMBER 15, 1967—DECIDED NOVEMBER 22, 1967—
REHEARING DENIED DECEMBER 7, 1967.

*Harold Karp, Arthur Cunningham, Philip Weinstein,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Robert Sparks, Carter Goode, J. Walter LeCraw,* for appellee.

GRICE, Justice. Denial of a petition for habeas corpus, in which the petitioner claimed that the grand jury which indicted him was unconstitutionally composed, is the subject matter of this appeal. The petition was instituted by Robert L. Strauss against T. Ralph Grimes, as Sheriff of Fulton County, in the Superior Court of that county. Strauss had been indicted by the grand jury of the county for violation of the Georgia Securities Act, found guilty, and sentenced to 15 years imprisonment.

Petitioner, insofar as necessary to recite here, asserted that he, a male white citizen, had not been accorded the type of grand jury to which the law entitles him in that it was not impartially selected from a cross section of the community. He claimed that it was drawn from a grand jury box illegally constituted because the jury commissioners used as their starting point a prior jury list from which Negro citizens of the county had been systematically excluded or disproportionately included, and also because the commissioners in completing the jury box used tax returns where taxpayers were segregated by race. He urged that this denied him due process of law and equal protection of the law, and that he had not waived his right to a constitutionally selected grand jury.

The respondent denied the essential allegations of the petition.

Upon the hearing the petitioner presented testimony as to the grand jury selection procedures and statistics with reference to numbers and percentages of whites and Negroes, seeking to bring the case within the ambit of Whitus v. Georgia, 385 U. S. 545

(87 SC 643, 17 LE2d 599), and other such decisions of the Supreme Court of the United States, upholding claims of systematic exclusion of Negroes from grand and petit juries. The jury commissioners in the case at bar explained the selection procedures employed in the situation here and denied any purposeful or intentional discrimination.

The trial court's judgment dealt adversely with each of the petitioner's contentions and remanded him to the custody of the respondent. The appeal is from that judgment.

Under our view of the case, we do not reach the claim of unconstitutional selection of the grand jury.

We do not believe that retroactive application of the Whitus case, 385 U. S. 545, supra, is required in the present case, where the grand jury indictment was returned December 22, 1964, and no challenge was made to the composition of the grand jury at the time of the trial, but was first made in a post conviction habeas corpus proceeding.

The Supreme Court of the United States has not made retroactive application of the Whitus principle to a situation where the attack on the grand jury was made after conviction. Those cases applying Whitus (Cobb v. Georgia, 389 U. S. 12 (88 SC 115, 19 LE2d 11); Jones v. Georgia, 389 U. S. 24 (88 SC 4, 19 LE2d 25); and Bostick v. South Carolina, 386 U. S. 479 (87 SC 1088, 18 LE2d 223)), dealt with attacks made before trial.

Furthermore, that court has ruled that four other standards for criminal investigations and court proceedings, recently established for the first time by it, should not be applied retroactively. They relate to (1) search and seizure in Mapp v. Ohio, 367 U. S. 643 (81 SC 1648, 6 LE2d 1081), held not retroactive in Linkletter v. Walker, 381 U. S. 618 (85 SC 1731, 14 LE2d 601); (2) comment on failure to testify in Griffin v. California, 380 U. S. 609 (85 SC 1229, 14 LE2d 106), held not retroactive in Tehan v. Shott, 382 U. S. 406 (86 SC 459, 15 LE2d 453); (3) confession without benefit of counsel in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), held not retroactive in Johnson v. New Jersey, 384 U. S. 719 (86 SC 1772, 16 LE2d 882); and (4) "line up" identification in United States v. Wade, 388 U. S. 218 (87 SC

1926, 18 LE2d 1149), and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178), held not retroactive in Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 19 LE2d 1199). Since the impact of those principles upon the administration of criminal justice was deemed such as to preclude retroactive application, surely the impact of the claim here—a white man's contention that the indictment was void because Negroes were systematically excluded from the grand jury which indicted him—also warrants the denial of such application.

The observations that retroactive application in such situations would "seriously disrupt the application of our criminal laws" (Johnson v. New Jersey, 384 U. S. 719, supra) and "would have a serious impact" upon the area affected (Stovall v. Denno, 388 U. S. 293, supra) are understatements indeed. If so applied, every convicted murderer, rapist, robber, thief, swindler, and all other felons of the white race, no matter how long ago indicted and convicted, could make the same claim and possibly be set free, unless again indicted and convicted. Due to inaccessibility of witnesses and their failing memories as to essential facts, hordes of such criminals would be turned loose upon society.

It should be added that in response to the criticism in the Whitus case, 385 U. S. 545, supra, decided January 23, 1967, Georgia acted promptly. By an Act approved March 30, 1967, it radically changed the method of grand and petit jury selection. Ga. L. 1967, p. 251.

*Judgment affirmed. All the Justices concur.*