25131. BRAWNER v. SMITH, Warden.

ARGUED APRIL 14, 1969—DECIDED MAY 8, 1969—
REHEARING DENIED MAY 22, 1969.

*Howard Moore, Jr., Peter E. Rindskopf,* for appellant.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Courtney Wilder Stanton, Deputy Assistant Attorney General,* for appellee.

MOBLEY, Justice. This appeal is from a judgment in a habeas corpus case. The appellant was convicted of murder and given a death sentence on March 9, 1965. The judge hearing the habeas corpus proceeding made findings of fact and law, and determined that the appellant's conviction was not invalid on any ground made in the habeas corpus petition, but found that his sentence was illegal under the rulings made in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), because jurors had been excused for cause by reason of their conscientious opposition to capital punishment. The order noted that the Witherspoon case had been followed by this court in *Miller v. State,* 224 Ga. 627 (8) (163 SE2d 730); and *Arkwright v. Smith,* 224 Ga. 764 (1) (164 SE2d 796).

It was stated in the order as follows: "In fashioning a remedy this court is aware that the full entitlement set forth in the decision of the Supreme Court of Georgia will require independent judicial action by the original sentencing court, i.e., the Superior Court of Elbert County, Georgia. The court has been advised that the competent authorities in Elbert County are prepared to initiate such action. Rather than enter an order declaring invalid the custody under which petitioner is currently being held, it is the court's opinion that the smooth administration of justice will be best furthered by a stay of these habeas corpus proceedings pending compliance by the Superior Court of Elbert County with the directions contained in the Witherspoon, Miller and

Arkwright cases cited above herein." It was then ordered: that the "proceedings in this matter be stayed for a period not to exceed 90 days . . ."; that the respondents be restrained and enjoined from carrying out the sentence of death by execution, and from quartering the appellant in that portion of the Georgia State Prison set aside for those awaiting execution; and that the appellant "be remanded to the custody of the respondent who is directed to arrange for the return of petitioner to the lawful authorities of Elbert County, Georgia, for retrial, the only question to be decided by the court upon retrial will be the sentence imposed upon the verdict as stated in the Witherspoon case and in the Miller case."

■ The respondent has filed a motion to dismiss the appeal on the ground that the order appealed from is not a final judgment. There is language in the order which indicates that this is true. However, the order decides all questions made in the case, and no provision is made for any further determination in the matter on a future hearing.

If the judge trying a habeas corpus case involving a person whose liberty is being restrained by virtue of a sentence imposed by a State court of record finds in favor of the petitioner, he is authorized to "enter an appropriate order with respect to the judgments or sentence in the former proceedings and such supplementary orders as to rearraignment, retrial, custody, bail or discharge as may be necessary and proper." Ga. L. 1967, pp. 835, 836 (*Code Ann.* § 50-127 (7)). The judge in the present case exercised this authority by ordering the remand of the appellant to the custody of the warden, who was directed to arrange for his return to the lawful authorities of Elbert County for retrial on the question of his sentence only.

The only question before the court was the validity of the present confinement and the sentence under which he was restrained, and the judge had no authority to deal with a future imprisonment under another sentence. *Balkcom v. Craton,* 220 Ga. 216, 218 (138 SE2d 163); *Balkcom v. Hurst,* 220 Ga. 405 (139 SE2d 306); *Dutton v. Knight,* 223 Ga. 140 (153 SE2d 714). He had no authority to exercise any supervisory control over the appellant. His duty had been discharged when he made

his findings of law and fact, and remanded the appellant to the custody of the warden, with directions that he be returned for retrial on the question of his sentence in the Superior Court of Elbert County. It was thus a final judgment, and one from which an appeal could be taken.

■ The first and second enumerations of error contend that the court erred in denying the appellant's petition for writ of habeas corpus on the ground that his conviction and sentence are unconstitutional under the due process and equal protection clauses of the United States Constitution because the appellant, a Negro, was indicted by a grand jury, and tried by a traverse jury, illegally composed due to racial discrimination. The court held that this ground was without merit since there was no challenge to the array when the appellant was tried.

The appellant introduced in evidence figures from the census of 1960 showing the number of white and non-white persons living in Elbert County, the composition of the jury lists at the time of the appellant's trial, which were selected from segregated tax digests, and the disparity between the percentages of Negroes in the county, and on the tax digests, and the Negroes on the jury lists at the time of the appellant's trial. It is contended that, under the ruling of the Supreme Court of the United States in Whitus v. Georgia, 385 U. S. 545, supra, this constitutes prima facie evidence of purposeful discrimination.

The Whitus case was decided January 23, 1967, nearly two years after the appellant's trial. In *Strauss v. Grimes,* 223 Ga. 834, 835 (158 SE2d 404), this court held: "We do not believe that retroactive application of the Whitus case, 385 U. S. 545, supra, is required in the present case, where the grand jury indictment was returned December 22, 1964, and no challenge was made to the composition of the grand jury at the time of the trial, but was first made in a post conviction habeas corpus proceeding." It was pointed out that retroactive application of the Whitus case could bring about disastrous results, making it possible that persons convicted many years ago of serious crimes might establish racial discrimination in the selection of the juries trying them, to which no challenge was made, and because of the inaccessibility of witnesses to again indict and

convict them, these dangerous criminals would be turned loose upon society. Certiorari was denied in *Strauss v. Grimes,* supra, 391 U. S. 903 (88 SC 1651, 20 LE2d 417). See also *Massey v. Smith,* 224 Ga. 721 (1) (164 SE2d 786).

The court did not err in denying this ground of the petition for habeas corpus.

■ The third enumeration of error contends that the appellant's conviction and sentence are unconstitutional under the due process and equal protection clauses of the United States Constitution because "a confession was introduced in evidence against him which was involuntarily given in the absence of counsel."

At the hearing the appellant testified: He was 23 years of age at the time he was indicted. He finished high school at the age of 20. He did not know the meaning of the words "freely and voluntarily," "remote," "benefit," and "coercion." At the time he made statements to the law enforcement officers he had not been advised that anything he said would be used against him, or that he would be furnished free counsel. He had been struck on the head during the incident in which the homicide occurred, and had lost blood from this wound. When the officers were talking to him his head was hurting "real bad," and he was tired, cold, and hungry.

The depositions of L. Adger Moore, Sheriff of Elbert County, and George Ward, Chief of Police of Elberton, were introduced in evidence. Both testified that: Prior to the time they questioned the appellant, they told him that he did not have to make any statement to them, that he could remain completely silent, that if he did make a statement, it could and probably would be used against him, and that he was entitled to an attorney, and that if he did not have the money to hire an attorney, the judge would appoint him an attorney at no cost to him. The appellant replied that he was ready to talk to them and that he did not need a lawyer. His statements were made without the offer of any reward or relief to induce him to make the statements, and without any threats to him or to any members of his family.

Under this conflicting evidence, the judge was authorized to find that the appellant had been advised of his constitutional

rights prior to making the oral statements which were introduced in evidence on his trial for murder. The evidence does not show such coercive circumstances as to render the incriminatory statements inadmissible in evidence, and it was not error to deny this ground of the appellant's petition for habeas corpus. Compare Frazier v. Cupp, Warden,   U. S.   (No. 643, decided April 22, 1969).

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*