**Donald Lee KIRBY, Plaintiff-Appellant,**

v.

**Bill S. SUTTON, Court Reporter for Criminal District Court No. 5, Dallas County, Texas, Defendant-Appellee.**

No. 30701
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 18, 1971.

Donald L. Kirby, pro se.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409.

PER CURIAM:

The complaint underlying this appeal was brought under the civil rights jurisdiction of the court, 42 U.S.C.A. section 1983, 28 U.S.C.A. section 1343, against a state court reporter to obtain a copy of the transcript of the state trial wherein petitioner, a state prisoner, was convicted. It is alleged that the transcript is needed for study so as to enable petitioner to petition for post-conviction relief.

There was no showing whatever that petitioner had exhausted available post-conviction remedies in the Texas State Courts. The transcript question presented is properly a part of such state post-conviction remedy, being ancillary thereto.

We treat the petition as a petition for the federal writ of habeas corpus and dismiss for failure to exhaust available state remedies. 28 U.S.C.A. section 2254; Stepp v. Beto, 5 Cir., 1968, 398 F.2d 814; Texas v. Payton, 5 Cir., 1968, 390 F.2d 261. Compare the exhaustion efforts in Wade v. Wilson, 1970, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470.

The judgment of the district court dismissing the complaint is affirmed.