436 F.2d 1082
 Donald Lee KIRBY, Plaintiff-Appellant,
v.
Bill S. SUTTON, Court Reporter for Criminal District Court
No. 5, Dallas County, Texas, Defendant-Appellee.
No. 30701 Summary Calendar.*
*Rule 18, 5 Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Jan. 18, 1971.
 
 Donald L. Kirby, pro se.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 The complaint underlying this appeal was brought under the civil rights jurisdiction of the court, 42 U.S.C.A. section 1983, 28 U.S.C.A. section 1343, against a state court reporter to obtain a copy of the transcript of the state trial wherein petitioner, a state prisoner, was convicted. It is alleged that the transcript is needed for study so as to enable petitioner to petition for post-conviction relief.
 
 
 2
 There was no showing whatever that petitioner had exhausted available postconviction remedies in the Texas State Courts. The transcript question presented is properly a part of such state post-conviction remedy, being ancillary thereto.
 
 
 3
 We treat the petition as a petition for the federal writ of habeas corpus and dismiss for failure to exhaust available state remedies. 28 U.S.C.A. section 2254; Stepp v. Beto, 5 Cir., 1968, 398 F.2d 814; Texas v. Payton, 5 Cir., 1968, 390 F.2d 261. Compare the exhaustion efforts in Wade v. Wilson, 1970, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470.
 
 
 4
 The judgment of the district court dismissing the complaint is affirmed.