**Dean Rene PETERS, Petitioner-Appellant,**

**v.**

**C. P. KIFF, Warden, Macon Prison Branch, Macon County, Ga., Respondent-Appellee.**

**No. 30081.**

United States Court of Appeals, Fifth Circuit.

March 11, 1971.

Rehearing Denied and Rehearing En Banc Denied April 13, 1971.

Edward T. M. Garland, Atlanta, Ga., for petitioner-appellant.

Arthur B. Cunningham, Miami, Fla., Harold Karp, Atlanta, Ga., amicus curiae.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Dorothy T. Beasley, Marion O. Gordon, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before RIVES, GOLDBERG and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

In this appeal a Georgia state prisoner attacks the denial of his petition for the writ of habeas corpus by the district court. We affirm.

Dean Rene Peters, a white man, asks that his conviction for burglary be set aside because Negroes were systematically excluded from the grand and petit juries which indicted and convicted him. See Whitus v. Georgia, 1967, 385 U.S.

545, 87 S.Ct. 643, 17 L.Ed.2d 599. Peters was convicted on December 8, 1966, and sentenced to a prison term of 10 years. On appeal the Georgia Court of Appeals affirmed the conviction. Peters v. State, 1967, 115 Ga.App. 743, 156 S. E.2d 195. Peters then sought a writ of habeas corpus in federal district court, claiming for the first time that his constitutional rights were violated by the exclusion of Negroes from jury duty. The district court denied relief and we affirmed its decision in Peters v. Rutledge, 5 Cir., 1968, 397 F.2d 731, on the ground that Peters failed to exhaust his available state remedies by presenting the question of jury discrimination to the state courts under the newly enacted Georgia Habeas Corpus Act of 1967 (Ga.L.1967, pp. 835–839). Instead of returning to the Georgia courts for an adjudication of his contention, Peters re-filed a petition for habeas corpus in federal district court and from its refusal to grant the desired relief the instant appeal was taken.

 Appellant Peters is quite correct in concluding that he no longer has any available state remedies which can be exhausted. 28 U.S.C. § 2254. Subsequent to our decision in Peters v. Rutledge, supra, the Georgia Supreme Court has unequivocally held that judicial review of jury discrimination is foreclosed when the accused offered no objection to the composition of the venire during the trial and the conviction occurred prior to the decision in Whitus v. Georgia, supra. Davis v. Smith, 5 Cir., 1970, 430 F.2d 1256; Strauss v. Grimes, 1967, 223 Ga. 834, 158 S.E.2d 404, cert. den. 391 U.S. 903, 88 S.Ct. 1651, 20 L.Ed.2d 417; Gresham v. Smith, 1970, 226 Ga. 290, 174 S.E.2d 420; Brawner v. Smith, 1969, 225 Ga. 296, 167 S.E.2d 753. The presence of both these factors in the case at hand obviates the requirement of exhaustion of state remedies.

Turning to the merits of appellant's contention, we note that the identical issue was before this court in a proposed rehearing en banc in the case of Salisbury v. Grimes, 5 Cir. 1969, 406 F.2d 50. Since the en banc court in the *Salisbury* case was dissolved, the law of this circuit stands as stated in Mosley v. Smith, 5 Cir. 1968, 404 F.2d 346, where we held that a white man is not denied equal protection because he was indicted and convicted by juries from which Negroes were excluded. Fleming v. Kelly, 5 Cir., 1971, 438 F.2d 1147 [1971]. The denial of the petition by the district court is therefore

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.