26485. WILLIS v. SMITH.

SUBMITTED APRIL 13, 1971—DECIDED MAY 6, 1971.

James Willis, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, W. Hansell Harris, Jr.,* for appellee.

GRICE, Justice. This appeal is from the denial of the writ of habeas corpus sought by virtue of a petition filed in the Superior Court of Tattnall County by James Willis against S. Lamont Smith, as warden of the Georgia State Prison.

The petitioner claimed that his sentence of October 20, 1936, to

life imprisonment for sodomy, was illegal because he was not afforded his constitutional rights. He complained that he was denied the effective assistance of legal counsel, and also that the grand and trial juries in his case were selected so as to systematically exclude Negroes. The respondent denied the essential allegations of the petition.

Upon the hearing oral and documentary evidence was introduced. At the conclusion the judge entered an order denying the writ and remanding the petitioner to the custody of the respondent.

1. As to the claim of jury exclusion, it is not necessary to discuss the testimony offered by the petitioner. This is so because it is well established that the decision of Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599), forbidding discrimination in jury selection, will not be given retroactive application, where, as here, no challenge thereto was made at the time of the petitioner's trial. *Strauss v. Grimes,* 223 Ga. 834 (158 SE2d 404), cert. den. 391 U. S. 903 (88 SC 1651, 20 LE2d 417); *Massey v. Smith,* 224 Ga. 721 (1) (164 SE2d 786); *Brawner v. Smith,* 225 Ga. 296 (167 SE2d 753).

2. Insofar as the claim of ineffective assistance of counsel is concerned, the testimony offered by the petitioner was, at most, uncorroborated opinions and conclusions. The passing of time, 34 years, from the trial to the habeas corpus hearing, had apparently blurred the recollection of the petitioner as to salient factors. He admitted that he could not remember certain crucial matters. It was shown that since the original trial the judge, solicitor general and defense attorney had died. As to the effect of undue delay in such a situation, see *Goodwin v. Smith,* 226 Ga. 118, 120 (172 SE2d 661).

Here the presumption was in favor of the validity of the sentence and the burden of overcoming it was upon the petitioner. He failed to carry this burden.

Accordingly, his remand to the custody of the respondent was proper.

*Judgment affirmed. All the Justices concur.*