Herman JACKSON, Jr., Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.

No. 71-2238

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1971.

Herman Jackson, Jr., pro se.

Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Florida state prisoner for the writ of habeas corpus. We affirm.

Appellant, represented by court-appointed counsel was tried by a jury, convicted of rape, and was sentenced to life imprisonment. His direct appeal was dismissed for failure to file timely notice of appeal. In his habeas petition filed in the court below appellant alleged that (1) his direct appeal was thwarted by the clerk of court; (2) he was denied the right to cross examine a state's witness; (3) the state knowingly used perjured testimony; (4) the state used illegally obtained evidence; and (5) there was racial discrimination employed in selection of the grand and petit juries. The district court denied relief for failure to exhaust state remedies.

■ The record clearly indicates that allegations 2, 3, 4, and 5 have never been presented to the state trial court by way of a motion to vacate sentence, Rule 1.850, Fla.R.Crim.P. 33 F.S.A. In addition, the state conceded in the court below that appellant is entitled to an out of

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

time direct appeal which he may obtain by petitioning the state trial court. Since the appellant has available to him state procedures through which he may obtain relief, the district court was correct in denying his petition. Garrett v. Texas, 5th Cir. 1970, 435 F.2d 709; Harrison v. Wainwright, 5th Cir. 1970, 424 F.2d 633; Wheeler v. Beto, 5th Cir. 1969, 407 F.2d 816; Peters v. Rutledge, 5th Cir. 1968, 397 F.2d 731; Texas v. Payton, 5th Cir. 1968, 390 F.2d 261.

The district court was not in error in denying a request by appellant to obtain a copy of his trial transcript. Upon establishing his right to a direct appeal, his request for a copy of the transcript should be directed to the appropriate state court. Kirby v. Sutton, 5th Cir. 1971, 436 F.2d 1082. The judgment below is affirmed.

Affirmed.