Russell MOSLEY, Petitioner-Appellant,

v.

S. Lamont SMITH, Warden, Georgia State Prison, Respondent-Appellee.

No. 72-1601.

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1973.

Thomas F. Walsh, Savannah, Ga. (Court appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., David L. G. King, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before TUTTLE, BELL and AINSWORTH, Circuit Judges.

BELL, Circuit Judge:

Appellant, a prisoner of the State of Georgia, is serving a life sentence for murder by castration. The proof of guilt was more than ample. The victim was a former co-inmate of appellant in the state penitentiary where both were serving time for a crime committed jointly. They had been released on parole.

The trial was in 1962, when the death penalty obtained. Court appointed counsel representing appellant was pleased and had good cause to be pleased with the life sentence at the hands of the jury rather than the death penalty, which had been sought. In addition, counsel knew of no error committed in the trial of the case and therefore determined not to appeal. The failure to appeal gives rise to one of the three assignments of error.

One of the other assignments of error is based on the alleged impropriety of the charge on alibi, a basis for error only recently added to the arsenal available to Georgia prisoners. The third assignment of error, the basis for which is also new to the arsenal, was added on the appeal to this court and is premised on Peters v. Kiff, 1972, 407 U.S. 493, 92 S. Ct. 2163, 33 L.Ed.2d 83, in that appellant, although a white male, asserts that he can complain of the alleged systematic exclusion of Negroes and females from the grand jury which indicted him and the petit jury before whom he was tried.

This is the third appeal to this court by appellant. In Mosley v. Dutton, 5 Cir., 1966, 367 F.2d 913, we remanded for an evidentiary hearing on the claim of ineffective counsel, which was said to have occurred in three respects: (1) inadequate time for preparation; (2) failure to call certain named witnesses; and (3) failure to honor appellant's request to appeal. We also remanded for an evidentiary hearing on the claim of use of perjured testimony by the prosecution.

On the next appeal, Mosley v. Smith, 5 Cir. 1968, 404 F.2d 346, we affirmed a finding of adequacy of counsel except as to the denial of appeal question, which was again remanded for lack of a sufficient record. We also affirmed on the finding that there was no use of perjured testimony. We rejected as a matter of law the claim of a denial of a constitutional right through the exclusion of Negroes and females from the jury.

We will consider these assignments of error in reverse order.

### I.

The Peters v. Kiff complaint had never been considered by the state courts. It was not before the district court. As stated, we rejected a similar argument as a matter of law in Mosley v. Smith, supra, 404 F.2d at 347, but Peters v. Kiff has, of course, supervened our holding.

■ In line with the settled doctrine of requiring exhaustion of state remedies prior to seeking federal relief, we decline and the district court should decline to consider this question absent exhaustion of the state habeas corpus remedy which is presently available to appellant. Ga.Code § 50–127 (Acts 1967, pp. 835, 836).

### II.

■ Appellant amended his habeas complaint in the district court to attack the charge given to the jury by the trial court on alibi. The district court declined to consider this question because state remedies had not been exhausted. Meanwhile, we have held that the standard Georgia charge on alibi is unconstitutional. Smith v. Smith, 5 Cir., 1971, 454 F.2d 572.[1] This, however, is of no avail to appellant because we held in Bassett v. Smith, 5 Cir., 1972, 464 F.2d 347, that our holding in Smith v. Smith was to be applicable only to trials conducted after December 16, 1968. Appellant was tried on April 12, 1962.

### III.

On remand the district court conducted a further hearing on the claim of the denial of the right to appeal. Appointed counsel had no recollection, one way or the other, as to appellant's having requested him to take an appeal. It was clear from the record that appellant knew of his right to appeal and to have court-appointed counsel for that purpose. He contends that immediately after the verdict was returned, he instructed counsel to take an appeal. His testimony was that counsel promised, "I will be down to the jail tomorrow and make arrangements for an appeal." He never saw counsel again and counsel was in fact relieved by court order on the day following the conclusion of the trial.

Appellant alleges that he notified the trial judge by letter within the thirty day period for filing a motion for new trial that he wished to file such a motion. The evidence was that the state habeas court record (as distinguished from the trial court) contains a copy of a letter from appellant to the state trial judge dated June 4, 1962, in which he refers to a registered letter having been sent to the judge on May 7, 1962 (within the 30 day period). In the May 7 letter, a copy of which was attached to the June 4, 1962 letter, he asked the court to file a motion for new trial on his behalf and also sought an extension of time for filing the motion. In the same letter he asked for a lawyer to prepare his appeal. Appellant's own testimony at the federal hearing was that he wrote to the trial court on May 27, 1962.

The state trial judge has not testified and there are no letters in the court records of the trial court according to the clerk. It was established that no later than November, 1962, it had been made known to the trial judge that appellant desired to appeal. This appears from the fact that trial counsel was asked for advice by the trial court as to any basis for appeal and was told in writing by counsel that he knew of no errors in the trial.

The testimony of trial counsel in the district court was to the effect that he did consider an appeal at the end of the trial but determined that there was no ground for appeal.

The district court proceeded on the basis that absent a showing of some ground for appeal, the right of an indigent criminal defendant to advice from his court-appointed counsel as to this right to appeal, the time and procedure

---

1. It is to be noted that appellant has not established that the standard charge of Smith v. Smith was given.

for appealing, and the right to counsel on appeal would not be given retroactive application beyond the date of Lumpkin v. Smith, 5 Cir., 1971, 439 F.2d 1084. In doing so, the district court relied on Shiflett v. Commonwealth of Virginia, 4 Cir., 1971, 447 F.2d 50 (En banc).

This approach misses the mark on ' the facts presented here and we thus pretermit ruling on any question of retroactivity. Appellant knew his rights. His complaint is that the lawyer simply did not carry out his instructions to appeal and, in effect, abandoned him and that his desire to appeal was brought to the attention of the trial court. On the issue presented, see Byrd v. Smith, 5 Cir., 1969, 407 F.2d 363; Edge v. Wainwright, 5 Cir., 1965, 347 F.2d 190.

The district court also held that appellant failed to carry his burden of proof in establishing that he was denied the right to appeal. There are, however, no subsidiary findings on whether the letter in question was written to the state trial judge, or why appellant's testimony regarding the communication of his request to appeal to counsel and to the court is not to be credited.

In sum, if appellant prevails, all that he is entitled to is an out of time state appeal. Ordinarily we would vacate and remand to the district court for further findings on these crucial items before making a final decision. There are, however, two sufficient reasons for taking a different direction under the circumstances here.

Appellant's claim under the Peters v. Kiff doctrine must be presented to the state courts for exhaustion of state remedies. At that time appellant may also present his claim of denial of counsel and of an appeal to the state courts, and the remedy of an out of time appeal may then also be considered. There has been some uncertainty as to whether an out of time appeal is available in the state court system. The Attorney General of Georgia has now advised this court that the Georgia Supreme Court and Court of Appeals have recently allowed out of time appeals in the respective cases of Lumpkin v. State, 1971, 228 Ga. 391, 185 S.E.2d 770; and Brand v. State, 1971, 123 Ga.App. 273, 180 S.E.2d 579.

Given the posture of the case, we conclude that it would be appropriate to apply the rule that the district court may defer habeas relief on the exhaustion of state remedy principle where there has been exhaustion as to some questions but not as to others, pending exhaustion on all questions. Cf. Johnson v. Wainwright, 5 Cir., 1971, 453 F.2d 385; Jackson v. Wainwright, 5 Cir., 1971, 450 F.2d 289. This avoids piece-meal handling in the federal courts and, in some instances, will avoid federal handling altogether, thus leaving state prisoner matters to the states insofar as is permissible in our system of federalism.

Affirmed in part; vacated and remanded in part with directions.