**Harold S. KEMP, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 72-2598

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1973.

Harold S. Kemp, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Nelson Bailey, Asst. Atty. Gen., William W. Herring, West Palm Beach, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Harold S. Kemp, a Florida state prisoner, appeals from the district court's dismissal of his petition for habeas corpus relief. In his petition, he challenged the validity of a 1960 robbery conviction for which he was given a twenty year sentence but which he was not serving at the time.[1] Kemp's petition for habeas relief alleged that: (1) he was deprived of his right to effective assistance of counsel from the time of his arrest until the time of sentencing; (2) he was denied due process when an involuntary confession elicited from him was coupled with other devices used by state officials and police to compel an involuntary plea of guilty; (3) he was not accorded due process because the trial judge violated Florida law by accepting his guilty plea to the crime of robbery without the examination of witnesses to determine the degree of the crime for which he should have been adjudged guilty; and (4) he was an indigent and the state denied him all rights of appellate review. The district court concluded that the petitioner failed to exhaust his state remedies as to at least three of the contentions alleged and dismissed the petition without prejudice. We affirm.

Prior to seeking federal habeas corpus relief, Kemp initiated two attacks in the Florida state courts on his 1960 robbery conviction. The first came in 1963 when he filed a motion to vacate his sentence in the trial court under the predecessor to Rule 3.850 of the Florida Rules of

---

\* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. The basis for this conclusion is Kemp's unequivocal representation to the district court that his present incarceration was not the result of the 1960 robbery conviction. The record appears to be silent as to the offense for which he is now imprisoned.

Criminal Procedure, 33 F.S.A. He alleged that he was tried and sentenced without counsel and that he was forced to make an involuntary confession. This motion was denied and no appeal was taken. Seven years later, in 1970, he renewed his challenge to the robbery conviction. This time he filed a petition for a writ of habeas corpus which was denied by the Fourth District Court of Appeal of Florida.[2] The grounds for relief asserted there were virtually identical to those now before this court. Kemp attempted to appeal this decision to the Supreme Court of Florida, but was not allowed to docket his case because it was determined that the issues presented for review had been decided previously by another court. It was in this posture that Kemp brought the instant case to the federal courts.

Notwithstanding these attempts to obtain habeas corpus and other post-conviction relief, the State of Florida contends that the petitioner has failed to exhaust available state remedies as to all of his contentions by utilizing the available procedure, outlined in Rule 3.850, Florida Rules of Criminal Procedure. This Rule authorizes a convicted person to attack a conviction and sentence by motion to vacate filed in the sentencing court, with appeal in event of denial of relief in that court. Kemp does not contend that he has exhausted his available remedies under Rule 3.850 but from his petition he appears to believe that Rule 3.850 proceedings are unavailable to him because he is not presently serving the sentence which he now attacks. The decisions of the United States Supreme Court in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) and the Florida Supreme Court in Lawson v. State, Fla.1970, 231 So.2d 205 affirmatively demonstrate that this belief

is incorrect. Under those decisions he may present all of his grounds for relief in a Rule 3.850 motion to the state trial court. In the event that relief is denied, he will then have an available state remedy of appeal to the appropriate Florida District Court of Appeals. See Rule 3.850, Fla.R.Crim.P.; Williams v. Wainwright, 452 F.2d 775 (5th Cir. 1971); Jackson v. Wainwright, 450 F.2d 289 (5th Cir. 1971), cert. denied, 405 U.S. 1068, 92 S.Ct. 1512, 31 L.Ed.2d 799.

The district court did not err in dismissing Kemp's petition for failure to exhaust available state remedies. Accordingly, we affirm that ruling.

Affirmed.

---

2. Because the United States District Court did not require the state in its show cause order to file all of the papers relating to these state proceedings, it entered the order of dismissal in ignorance of Kemp's unsuccessful attempt to obtain state habeas relief. Nonetheless, as we will demonstrate later in this opinion, the

availability of this information to the district court would not have altered the conclusion reached.