**Billy Homer FERGUSON, Petitioner-Appellant,**

v.

**A. L. DUTTON, Warden, Georgia State Prison, Reidsville, Ga., Respondent-Appellee.**

No. 71-1827

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 21, 1973.

Walter H. Wingfield, Atlanta, Ga., C. Ronald Ellington, Athens, Ga. (Court Appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen. of Ga., Dorothy T. Beasley, Atlanta, Ga., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Appellant, Billy Homer Ferguson, a white man, presently under sentence of life imprisonment as a result of his conviction for first degree murder, here appeals from the District Court's denial of his petition for habeas corpus. Although several other substantial constitutional questions are raised, the gravamen of Appellant's complaint concerns the systematic exclusion of Blacks from the grand jury that indicted him and the petit jury that convicted him.

Consistent with the then controlling rule in this Circuit [1] the District Court held that Ferguson, a white man, did not have standing to complain of the systematic exclusion of Blacks from his Douglas County, Georgia, grand and petit juries. But the tenor of the law was greatly altered by the opinion of the United States Supreme Court in Peters v. Kiff, 1972, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83, holding as follows:

> "If [white] petitioner's allegations are correct, and Negroes were systematically excluded from his grand and petit juries, then he was indicted and convicted by tribunals that fail to satisfy the elementary requirements of due process, and neither the indictment nor the conviction can stand."

This Court has recently determined that the state courts should be given a first opportunity to pass on the validity of a habeas petitioner's Peters v. Kiff challenge to the jury array. In Mosley

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. See Mosley v. Smith, 5 Cir., 1968, 404 F.2d 346; Woodruff v. Breazeale, M.D. Miss., 1967, 291 F.Supp. 130, affirmed, 5 Cir., 1968, 401 F.2d 997. See also this Court's decision in Peters v. Kiff, 5 Cir., 1971, 441 F.2d 370, reversed, 1972, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83.

v. Smith, 5 Cir., 1973, 470 F.2d 1320 we
held:

> "In line with the settled doctrine of requiring exhaustion of state remedies prior to seeking federal relief, we decline and the District Court should decline to consider this question absent exhaustion of the state habeas corpus remedy which is presently available to Appellant. Ga.Code, § 50–127 (Acts 1967, pp. 835, 836)." [2]

Accordingly, we remand to the District Court to allow the question to be presented to the courts of Georgia.

Remanded.

2. In his excellent brief, Petitioner suggests that the exhaustion doctrine is inappropriate for this particular case.

"Like Peters, Ferguson first raised the issue of systematic exclusion in a petition for habeas corpus found in the Federal District Court, having made no objection at trial. Like Peters, Ferguson clearly cannot be deemed to have waived his right to object to discriminatory jury selection. Similarly, Ferguson has satisfied the requirement that he exhaust state remedies, since recent and unambiguous decisions of the Georgia Supreme Court foreclose such claims in the Georgia courts unless timely presented. Strauss v. Grimes, 1967, 223 Ga. 834, 158 S.E.2d 404; Brawner v. Smith, 1969, 225 Ga. 296, 167 S.E.2d 753; Cobb v. State, 1962, 218 Ga. 10, 126 S.E.2d 231." The short answer to this argument is that the very similarity between Peters and Ferguson which Petitioner so effectively demonstrates compels us to give the state of Georgia an opportunity to construe the effect of Peters v. Kiff on a Georgia case. Mobley v. Dutton, 5 Cir., 1967, 380 F.2d 14; Mobley v. Smith, 5 Cir., 1971, 443 F.2d 846; Milton v. Wainwright, 5 Cir., 1968, 396 F.2d 214. Cf. Wynn v. Smith, 5 Cir., 1971, 446 F.2d 341, 344–347.