Reggie Clayton **MADELEY**, Petitioner-Appellant,

v.

C. V. **KERN**, Sheriff of Harris County, and the State of Texas, Respondents-Appellees.

No. 73–1883.

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1974.

Reggie C. Madeley, pro se.

Joe Moss, Asst. Dist. Atty., Houston, Tex., for C. V. Kern.

Lange Baker, Asst. Atty. Gen., Austin, Tex., for state of Tex.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Following a jury trial in state court, Reggie Clayton Madeley was convicted of burglary with intent to commit theft. Because of three prior felony convictions, he was sentenced to life imprisonment under an enhancement count, Vernon's Tex.Penal Code Ann. art. 63 (1953). On direct appeal the Texas Court of Criminal Appeals affirmed the conviction, Madeley v. State, 488 S.W.2d 416 (1972).

Madeley then filed a petition for writ of habeas corpus, 28 U.S.C. § 2254 (1970), in which he raised five points: (1) that his indicting and convicting juries were constituted in violation of the United States Constitution because the

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Texas requirement that grand and petit jurors swear an oath "so help me God" excludes qualified citizens who cannot conscientiously take such an oath;[1] (2) that the method of his sentencing denied him credit for jail time served prior to sentencing; (3) that the State failed to prove the enhancement counts alleged in the indictment; (4) that the trial court improperly admitted evidence for enhancement purposes of a prior conviction that was invalid because Madeley had not been represented by counsel; and (5) that the trial court improperly admitted evidence seized during an illegal search.

The district court held that Madeley had not adequately exhausted available state remedies on his first two contentions, and refused to consider the merits. As to the remaining contentions, the court concluded that Madeley was not entitled to relief on the merits. On this appeal Madeley has withdrawn his second contention, but challenges the district court's holdings on the other four.

The court below relied on Craig v. State, 480 S.W.2d 680 (Tex.Cr.App. 1972) in concluding that Madeley had not exhausted state remedies on the jury oath issue. In Craig the Texas Court of Criminal Appeals construed the state law to mean that oaths are to be administered in the manner most binding on the individual conscience. According to the district court below,

This construction narrows the Texas laws so that they are not unconstitutional on their face.[1] Thus the ques-

1. The Petitioner argues at some length that Craig does not stand for the proposition that oaths are to be administered in the manner most binding on a person's conscience. He contends that all the Court of Criminal Appeals did was to reiterate the Texas rule that jurors may be allowed to affirm instead of being sworn. This is not so. The appellant in Craig argued the oaths required of grand jurors, witnesses, and jurors by articles 19.34, 35.02, and 35.22, V.A.C.C.P., were unconstitutional because

they " 'systematically exclude non-believers from said juries and that appellant, an atheist, was therefore deprived of judgments of his peers.' " 480 S.W.2d 680, 683. All of the statutory oaths conclude with the phrase " . . . so help you God." The Court of Criminal Appeals then went on to apply the reasoning of its "oath or affirmation" cases and the Texas constitutional provision that "all oaths or affirmations shall be administered in the mode most binding upon the conscience . . . " Tex.Const. Art. 1 § 5, and rejected the contention that the statutory oaths excluded atheists. In doing so it overruled two prior cases which had held that the "So help you God" formula was mandatory. 480 S.W.2d at 684.

tion in each case would be whether they were applied in an unconstitutional manner, i. e., in contravention of the Craig interpretation. This would vary with the facts in each case. This petitioner has not presented the issue of the unconstitutional application of the oath requirement in his case to the Texas courts.[2]

2. He does state that the grounds he raises here were presented to the Court of Criminal Appeals in a pro se brief on appeal and rejected by that Court. See, Madeley v. State, 488 S.W.2d 416, 420 (Tex.Cr. 1972). However, the argument here is the same one presented in Craig, namely that the statutes and oaths are unconstitutional because they exclude atheists. Whatever its merit before Craig, it has none after that decision since the oaths have been construed consistent with the Constitution. As noted, systematic exclusion of atheists (or other religious groups) is another question.

■■ We agree with the court below that Madeley has not exhausted state remedies on his first contention, and that available state remedies are neither inadequate nor ineffective. Considerations of comity, as well as our desire to avoid piecemeal litigation, dictate that federal courts not consider petitions for writ of habeas corpus until all issues raised therein have been presented to the state court. Federal consideration of the merits of Madeley's petition should therefore be deferred until all issues raised have been presented to the

1. See Vernon's Ann.St.Tex.Const. art. I, § 4; Vernon's Ann.Tex.Code Crim.Proc. art. 19.34, art. 35.02, art. 35.22 (1965).

Texas courts. Hargrett v. Wainwright, 5 Cir. 1973, 474 F.2d 987; Mosley v. Smith, 5 Cir. 1973, 470 F.2d 1320; Burroughs v. Wainwright, 5 Cir. 1972, 454 F.2d 1165; Johnson v. Wainwright, 5 Cir. 1971, 453 F.2d 385.

The judgment below is therefore vacated, and the cause is remanded with instructions to dismiss Madeley's federal habeas petition without prejudice to his right to renew it after state remedies have been exhausted on all grounds.

Vacated and remanded.