**Robert A. JENKE, Petitioner,**

v.

**Jack HEARD, Sheriff of Harris County, Respondent.**

**Civ. A. No. 73–H–46.**

United States District Court, S. D. Texas, Houston Division.

April 9, 1974.

---

Mark Vela, Houston, Tex., for petitioner.

Joe S. Moss, Houston, Tex., for respondent.

*Memorandum Opinion*

SINGLETON, District Judge.

This is a petition for writ of habeas corpus by a state prisoner. 28 U.S.C. § 2254. Petitioner being an indigent, this court granted him leave to proceed in forma pauperis under the provisions of 28 U.S.C. § 1915 and appointed an attorney to represent him.

Petitioner is in state custody pursuant to a final conviction [1] entered in Cause No. 159,686 by the 180th District Court of Harris County, Texas, on July 6, 1971. His conviction was affirmed on direct appeal. Jenke v. State, 487 S.W. 2d 347 (Tex.Cr.App.1972). Petitioner did not seek habeas corpus relief from the state courts. Respondent, The State of Texas, in its answer and motion to dismiss states that petitioner has exhausted his state remedies by virtue of the fact that the grounds for relief presented here were presented to and overruled by the Court of Criminal Appeals on direct appeal. For the reasons that follow, this court is constrained to disagree and must dismiss the petition for want of state-remedy exhaustion.

By *pro se* petition and by amended petition prepared by appointed counsel, petitioner alleges that both his indicting and convicting juries were unconstitutionally impaneled because of the Texas

---

1. The conviction was for the offense of robbery by assault with a prior conviction alleged for enhancement. Punishment was as-
sessed by a jury at life under the mandatory provisions of Article 62, Vernon's Ann.P.C.

oath requirement. He raises both the issue whether the various oath statutes [2] are unconstitutional on their face and the issue whether the oath requirements were unconstitutionally applied in his case. The essence of his contentions is that since Texas requires grand and petit jurors to swear an oath "so help you God," atheists and agnostics who are qualified citizens but who could not conscientiously take such an oath are thereby systematically excluded from service on the grand or petit juries—depriving petitioner of judgment by his peers.

The Court of Criminal Appeals, however, has narrowly construed the Texas oath laws to mean that oaths are to be administered "in the manner most binding on the individual conscience," Craig v. State, 480 S.W.2d 680 (Tex.Cr.App. 1972), thus making it possible for atheists and agnostics to swear by affirmation and serve. Since the *Craig* decision, the unconstitutional-on-its-face argument has lost its merit. The application argument is another matter. Clearly, if it were shown that prospective grand and petit jurors in petitioner's case were forced to swear "so help you God" and that an atheist or agnostic was excluded from service because he refused to so swear, this would amount to a "religious test" that was condemned in Torcaso v. Watkins, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961) and an unconstitutional application of the Texas oath law as it was construed in *Craig.*

Petitioner has not presented the issue of the unconstitutional application of the oath requirement in his case to the Texas courts. The opinion by the Court of Criminal Appeals affirming petitioner's direct appeal indicates that he only raised the on-its-face issue, and this only with respect to the grand jury.[3] The issue whether the oath requirement was unconstitutionally applied in his case has not been presented to the Texas court. His state remedies on this point remain unexhausted. This being so, federal habeas corpus relief is unavailable. 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). And, it makes no difference that state remedies have been exhausted with regard to at least one point raised in the federal petition because

> [c]onsiderations of comity, as well as our desire to avoid piecemeal litigation, dictate that federal courts not consider petitions for writ of habeas corpus until *all* issues raised therein have been presented to the state court. Federal consideration of the merits of [a] petition should therefore be deferred until *all* issues raised have been presented to the Texas courts. (Emphasis supplied.)

Madeley v. Kern, 488 F.2d 865, 867 (5th Cir., 1974).

Accordingly, the petition for writ of habeas corpus is dismissed for failure to exhaust state remedies.

---

2. See Article 1, Section 4, of the Texas Constitution, Vernon's Ann.St. and Articles 19.-34, 35.02, and 35.22, Vernon's Ann.C.C.P.

3. The only reference to the oath issue was: "In a pro se brief appellant asserts that the oath required of grand jurors systematically excludes atheists and agnostics from the grand juries of Texas. This contention is without merit. Under the provisions of Article 27, V.A.P.C., the word oath also includes affirmation thereby making it possible for atheists and agnostics to serve. See Craig v. State, Tex.Cr.App., 480 S.W.2d 680." Jenke v. State, 487 S.W.2d 347, 348 (Tex.Cr.App.1972).